■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR GONZALEZ, Appellant. [936 NYS2d 174]—

Defendant's attorney served and filed a CPL 250.10 notice of intent to present psychiatric evidence, in connection with a defense of extreme emotional disturbance (EED), but later withdrew the notice. After the People's case, which included a videotaped confession in which defendant made numerous statements to the effect that he had "lost his mind" on the day of the murder, the defense rested without presenting a case or cross-examining any of the People's witnesses regarding defendant's mental state.

The court granted defendant's request that the jury be instructed regarding the EED defense, finding that the evidence presented by the People, in particular the videotaped confession, supported the charge. The People opposed, stating that they had been led to believe, by the withdrawal of the CPL 250.10 notice, that the defense would be justification, not EED. The People thereupon moved to present a rebuttal case, including the testimony of the psychologist who had examined defendant after he filed the CPL 250.10 notice, and had prepared a report. Defendant opposed the People's request, arguing that the statute did not authorize the People to "introduce psychiatric evidence to rebut their own case," and that granting such a request would violate defendant's Fifth Amendment right against self incrimination.

The court granted the People's motion, reasoning that in requesting the EED instruction defendant had "offered" his statements in support of his application for the charge and given "notice of intent to proffer evidence of EED." Defendant thereupon withdrew his request for an EED charge.

The court properly construed defendant's request for an EED charge as the equivalent of a "notice of intent to proffer psychiatric evidence" under CPL 250.10, entitling the People to reopen its case and to present psychiatric evidence. CPL 250.10 defines psychiatric evidence as, inter alia, "[e]vidence of mental disease or defect to be offered by the defendant in connection with the affirmative defense of extreme emotional disturbance" (CPL 250.10 [1] [b]). When defendant requested the EED charge based on his statements to the police, defendant "offered" that evidence "in connection with" the EED defense, notwithstanding the fact that defendant did not present a case or cross-examine the People's witnesses concerning his mental state.

In *People v Berk* (88 NY2d 257, 262-264 [1996], *cert denied* 519 US 859 [1996]), the Court of Appeals noted that the statute "broadly defines 'psychiatric evidence,' " mandating that *any* evidence regarding a mental disease or defect offered in connection with the defense of extreme emotional disturbance be preceded by notice. The Court noted that the declared purpose of the statute was to " 'prevent disadvantage to the prosecution as a result of surprise,' " citing the "unfair disadvantage" to the People occasioned by the "sudden interposition" of a psychiatric defense (*id.* at 264). The "primary aim" of the statutory notice requirement, as "manifestly establishe[d]" by the legislative intent, "was to ensure the prosecution sufficient opportunity to obtain the psychiatric and other evidence necessary to refute the proffered defense of mental infirmity" (*id.* at 264 [internal quotation marks, citation and emphasis omitted]). The Court of Appeals underscored, in *Berk*, that the statute should be construed as applicable to *"any* mental health evidence to be offered by the defendant in connection with" a defense of extreme emotional disturbance, not merely psychiatric examinations (*id.* at 625). This broad statutory mandate encompasses, in this case, the request for an EED charge based on the videotape that was in evidence.

To allow defendant to recharacterize his statements as evidence of EED, yet not permit the People the opportunity to present evidence in rebuttal, would be manifestly unfair, effectively allowing the defense to "sandbag" the prosecution, and defeat the very purpose of the statute.

The psychiatric evidence offered by the People was obtained, with defendant's consent, when defendant gave notice of his intention to present an EED defense. Defendant necessarily waived any Fifth Amendment rights regarding that evidence, to the extent it would be offered in relation to the EED defense. In any event, defendant's statements to the psychiatrist were never used against him at trial.

We limit our holding to the facts herein and express no opinion concerning a case where a defendant has not filed such initial CPL 250.10 notice.

We have considered and rejected defendant's other contentions. Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.